**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

WILLIAM NELSON SCHENCK, III, — Civil File No. 01-1035 (DWF/AJB)

Petitioner,

v. — **ORDER**

JIM KOSTREBA, sued as Jim Kostreba, DIANE DREWRY, CONRAD FREEBURG, MICHAEL HATCH, ERNIE KLIMEK, ROBERT STANICH, KATHLEEN M. TRACY, PAUL TSCHIDA, JESSE VENTURA, MICHAEL WOCHNICK, and JOHN DOES and JANE DOES, 1-10,

Respondents.

---

William N. Schenck, III, *Pro Se*, Cowltiz County Jail, 312 Southwest First Street, Kelso, WA 98626, Petitioner.

Conrad I. Freeberg, Morrison County Attorney, 213 First Avenue Southeast, Little Falls, MN 56345, counsel for Respondent.

---

The above-entitled matter is before the Court pursuant to Petitioner's "Ex Parte Motion For Appointment Of Counsel, And; Motion To Amend Pleading" (Doc. No. 21). Petitioner apparently is seeking leave to file an amended pleading in this matter (even though this action has already been dismissed by a final judgment entered on September 7, 2001). More specifically, Petitioner wants to file a complaint for relief under 42 U.S.C. § 1983, in place of his original petition for habeas corpus relief under 28 U.S.C. § 2254.

Petitioner's request for leave to amend will be denied because he has not paid the $150 filing

JAN 0 9 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

fee required for a non-habeas civil action, nor has he complied with the filing fee requirements for prisoners seeking leave to proceed *in forma pauperis* ("IFP"), in non-habeas civil actions. *See* 28 U.S.C. §§ 1914(a) and 1915(b). Furthermore, Petitioner has not explained why, at this late date, it would be best to allow him to re-open this habeas corpus proceeding, and attempt to convert it into a completely different type of proceeding (namely a civil rights action) when he could simply commence a new lawsuit setting forth whatever § 1983 claims he believes he can sustain.

Thus, Petitioner will not be allowed to pursue any civil rights claims in the present action. If he wants to try to sue someone under 42 U.S.C. § 1983, Petitioner will have to bring an entirely new action.[1]

Because this action has already been dismissed, and the Court has now ruled that Petitioner will not be allowed to breath new life into this action by filing an amended pleading, Petitioner's request for appointment of counsel will be summarily denied.

Based upon the foregoing, and all of the files, records and proceedings herein,

---

[1] If Petitioner does elect to bring a new action under § 1983, he will have to –

(i) pay the $150 filing fee prescribed by § 1914(a), (or else comply with the prisoner IFP requirements prescribed by 28 U.S.C. §§ 1915(a)(2) and 1915(b));

(ii) submit his pleading on the civil rights complaint form prescribed for use in this District (*see* Local Rule 9.3); and

(iii) allege historical facts showing how each individual defendant named in his complaint has allegedly violated his federal constitutional rights.

In addition, if Petitioner does file a new civil action in this District, he should not attempt to join any defendants who are not located in Minnesota, unless his complaint includes factual allegations showing that this Court can properly exercise personal jurisdiction over such out-of-state defendants.

**IT IS HEREBY ORDERED** that:

Petitioner's "Ex Parte Motion For Appointment Of Counsel, And; Motion To Amend Pleading" (Doc. No. 21) is **DENIED**.

Dated: January 9, 2002

DONOVAN W. FRANK
Judge of United States District Court